# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-1420V
### (not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *

ARNULFO PANTOJA,

              Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

              Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * *

Filed: February 23, 2021

Decision by Stipulation; Damages; Tetanus-diphtheria-acellular pertussis ("Tdap"); Guillain-Barré syndrome ("GBS").

*Michael Baseluos*, Baseluos Law Firm, PLLC, San Antonio, TX., for Petitioner
*Jeremy Fugate*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION ON JOINT STIPULATION[1]

On September 18, 2018, Arnulfo Pantoja ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that he suffers from Guillain-Barré syndrome ("GBS") as a result of the Tetanus-diphtheria-acellular pertussis ("Tdap") vaccination he received on October 22, 2017. *See* Stipulation ¶ 2, 4, dated February 23, 2021 (ECF No. 46); *see also* Petition.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Respondent denies "that the flu vaccine caused "[P]etitioner's alleged GBS, or any other injury; and denies that his current condition is a sequelae of a vaccine-related injury." *See* Stipulation ¶ 6. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation dated February 23, 2021 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation. ECF No. 46.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a. A lump sum of **$132,265.99,** representing compensation for pain and suffering, lost wages, and past unreimbursable expenses in the form of a check payable to Petitioner.

b. A lump sum of **$8,574.00**, representing unreimbursed medical expenses for services provided to petitioner, in the form of a check payable jointly to petitioner and

>Schumacher Clinical Partners
>900 E. 4th St.
>Odessa, TX 79761
>Attn: Client Services

Petitioner agrees to endorse this check to Schumacher Clinical Partners.

c. A lump sum of **$148.96**, representing unreimbursed medical expenses for services provided to petitioner, in the form of a check payable jointly to petitioner and

>West Texas Neurology
>318 N. Alleghaney Ave. Suite 302
>Odessa, TX 79760
>Attn: Client Services

Petitioner agrees to endorse this check to West Texas Neurology.

d. A lump sum of **$1,323.00**, representing unreimbursed medical expenses for services provided to petitioner, in the form of a check payable jointly to petitioner and

>Medical System Health Center
>PO Box 120153
>Grand Raps MI 49528-0103
>Attn: Client Services

Petitioner agrees to endorse this check to Medical System Health Center.

e. A lump sum of **$4,468.01**, representing unreimbursed medical expenses for services

provided to petitioner, in the form of a check payable jointly to petitioner and

>Dr. Richard Duke
>520 E. 6th St.
>Odessa, TX 79761
>Attn: Client Services

Petitioner agrees to endorse this check to Dr. Richard Duke.

f.  A lump sum of **$199.56**, representing unreimbursed medical expenses for services provided to petition, in the form of a check payable jointly to petitioner and

>Dr. Suresh Prasad
>403 Pittsburg Avenue
>Odessa TX 79761
>Attn: Client Services

Petitioner agrees to endorse this check to Dr. Suresh Prasad.

Stipulation ¶ 8. This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

>**s/ Katherine E. Oler**
>Katherine E. Oler
>Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ARNULFO PANTOJA, * | |
| * | |
| Petitioner, * | No. 18-1420V |
| * | Special Master Oler |
| v. * | |
| * | |
| SECRETARY OF HEALTH AND * | |
| HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a Tdap vaccine on or about October 22, 2017.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") that was caused by the Tdap vaccine. He further alleges that he suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6.  Respondent denies that the vaccine caused petitioner's alleged GBS, or any other injury; and denies that his current condition is a sequelae of a vaccine-related injury.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

a. A lump sum of $132,265.99, which amount represents compensation for pain and suffering, lost wages, and past unreimbursable expenses, in the form of a check payable to petitioner.

b. A lump sum of $8,574.00, which amount represents unreimbursed medical expenses for services provided to petitioner, in the form of a check payable jointly to petitioner and

> Schumacher Clinical Partners
> 900 E. 4th Street
> Odessa, TX 79761
> Attn: Client Services

Petitioner agrees to endorse this check to Schumacher Clinical Partners.

c. A lump sum of $148.96, which amount represents unreimbursed medical expenses for services provided to petitioner, in the form of a check payable jointly to petitioner and

> West Texas Neurology
> 318 N. Alleghaney Ave. Suite 302
> Odessa, TX 79760
> Attn: Client Services

Petitioner agrees to endorse this check to West Texas Neurology.

2

d. A lump sum of $1,323.00, which amount represents unreimbursed medical expenses for services provided to petitioner, in the form of a check payable jointly to petitioner and

Medical System Health Center
PO BOX 120153
Grand Rapids MI 49528-0103
Attn: Client Services

Petitioner agrees to endorse this check to Medical System Health Center.

e. A lump sum of $4,468.01, which amount represents unreimbursed medical expenses for services provided to petitioner, in the form of a check payable jointly to petitioner and

Dr. Richard Duke
520 E. 6th Street
Odessa, TX 79761
Attn: Client Services

Petitioner agrees to endorse this check to Dr. Richard Duke.

f. A lump sum of $199.56 which amount represents unreimbursed medical expenses for services provided to petitioner, in the form of a check payable jointly to petitioner and

Dr. Suresh Prasad
403 Pittsburg Avenue
Odessa, TX 79761
Attn: Client Services

Petitioner agrees to endorse this check to Dr. Suresh Prasad.

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further

proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be

timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on or about October 22, 2017, as alleged by petitioner in a petition for vaccine compensation filed on or about September 18, 2018, in the United States Court of Federal Claims as petition No. 18-1420V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's alleged GBS or any other injury or any of his alleged current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*[signature]*

ARNULFO PANTOJA

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature] 2/11/21*

MIKE BASELUOS
Baseluos Law Firm PLLC
4211 Modena Drive
San Antonio TX 78218
210-787-5993

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*CAPT Dale Mishler, DHSc, for*

TAMARA OVERBY
Acting Director
Division of Injury Compensation
Programs Healthcare Systems Bureau
U.S. Department of Health
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Jeremy C Fugate
by Heather L Pearlman*

JEREMY C. FUGATE
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Jeremy.Fugate2@usdoj.gov
(202) 616-4181

Dated: 02/23/2021

7